IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


JAMES LEE PRITCHETT,
      Petitioner,

vs.                                  Case No. 3:09cv96/LAC/EMT

WALTER A. McNEIL,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

Now pending is Respondent's motion to dismiss (Doc. 24) the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 4). Respondent seeks dismissal of the petition on the basis that it was untimely filed pursuant to 28 U.S.C. § 2244(d). Petitioner responded in opposition to the motion (Doc. 26).

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.      BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is undisputed and established by the state court record (*see* Doc. 4; Doc. 24, Exhibits; Doc. 26). Following a jury trial, Petitioner was convicted in the Circuit Court in and for Escambia County, Florida, of one count of unlawful sexual activity with a person over 12 but less than 16 years old (*see* Doc. 4 at 1; Doc. 24 at 1, Ex. PD-1). On January 13, 2005, Petitioner was adjudicated guilty and sentenced to fifteen (15) years of imprisonment (Doc. 4 at 1; Doc. 24 at 1, Ex. PD-1; Doc. 26 at 3). Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal (First DCA). Petitioner's appellate counsel filed a brief, pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), asserting that there were no meritorious arguments to support the contention that the trial court committed significant reversible error during Petitioner's trial (Doc. 24 at 1). Petitioner filed a pro se initial brief (*id.* at 1–2). On July 5, 2006, the First DCA affirmed the judgment of conviction and sentence per curiam without

written opinion (Doc. 4 at 2; Doc. 24 at 2, Ex. A; Doc. 26 at 3). Pritchett v. State, 935 So. 2d 505 (Fla. 1st DCA 2006) (Table). Petitioner filed a motion for rehearing and request for written opinion, which was denied in a corrected order issued August 17, 2006 (Doc. 24 at 2, Ex. B; Doc. 26 at 3). The mandate issued September 5, 2006 (Doc. 24 at 2, Ex. B).

On March 16, 2007, Petitioner filed, pursuant to the "mailbox rule," a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Doc. 4 at 2; Doc. 24 at 2, Ex. PD-1; Doc. 26 at 3). The trial court denied the motion, and Petitioner appealed to the First DCA (Doc. 4 at 3; Doc. 24 at 2, Exs. PD-1, PD-3). The appellate court affirmed per curiam without written opinion on January 30, 2008, with the mandate issuing February 26, 2008 (Doc. 4 at 3; Doc. 24 at 2, Exs. PD-3, C, D; Doc. 26 at 4). Pritchett v. State, 973 So. 2d 1130 (Fla. 1st DCA 2008) (Table).

Petitioner filed the instant federal habeas action on March 24, 2009 (Doc. 4; Doc. 24 at 2; Doc. 26 at 4).

## II.    ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends the appropriate statutory trigger for the limitations period is the date on which Petitioner's judgment of conviction became final. Respondent asserts Petitioner's conviction became final on November 15, 2006, upon expiration of the 90-day period for seeking certiorari review of the judgment of conviction by the United States Supreme Court, pursuant to § 2244(d)(1)(A) (Doc. 24 at 3). Therefore, the federal limitations period commenced on that date.

Petitioner contends § 2244(d)(1)(B) is the appropriate statutory trigger. He asserts a State-created impediment to his filing existed until July 28, 2008, namely, his transfer to three correctional institutions and separation from his legal paperwork (Doc. 26). He states that on December 14, 2007, he was moved from Hamilton Correctional Institution and eventually placed in De Soto Correctional Institution on January 9, 2008 (with two stops in between) (*id.* at 4). He states his legal materials remained at Hamilton until April 11, 2008, when they were sent to De Soto, and he did not actually receive them until July 28, 2008 (*id.*).

To show an impediment which would trigger the later commencement date for the one-year period, Petitioner must demonstrate both actual harm or injury, that is, that he was actually prevented from exercising his right of access to courts to attack his conviction, and that the impediment was unconstitutional because not "reasonably related to legitimate penological interests." Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000) (quoting Lewis v. Casey, 518 U.S. 343, 361, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996)) (other citations omitted).[1]

In the instant case, Petitioner has not shown that the institutional transfers and delay in sending his legal documents was unconstitutional. Additionally, Petitioner has not shown a causal connection between the late filing of his federal petition and the temporary lack of access to his legal materials. Petitioner states his legal documents were necessary to prepare his federal habeas petition; however, the only documents that were arguably necessary for preparing his federal petition were his initial pro se brief filed on direct appeal, his Rule 3.850 motion and any amendments thereto, and the trial court's orders summarily denying his post-conviction claims. These documents were on file with the respective state courts and available for copying, yet Petitioner makes no showing that he attempted to obtain copies of the documents from these alternative sources. Therefore, Petitioner has failed to show that the lack of access to his legal materials actually prevented him from completing and filing at least an unpolished federal petition. Accordingly, the undersigned rejects Petitioner's argument that § 2244(d)(1)(B) is the appropriate statutory trigger for the limitations period. As Petitioner does not allege that § 2244(d)(1)(C) or (D) applies to this case, the court concludes that the date on which Petitioner's judgment of conviction became final, § 2244(d)(1)(A) is the appropriate statutory trigger.

A state prisoner's conviction becomes "final" for purposes of § 2244(d)(1)(A) when the United States Supreme Court denies certiorari, issues a decision on the merits, or after the 90-day

---

[1] Akins involved the one-year time limit for filing a 28 U.S.C. § 2255 motion, which similarly provides for later possible commencement dates. *See* § 2255 ¶ 6, subsection (2) (commencing the time from the date a government created unconstitutional impediment to filing is removed, if the movant was prevented from making a motion by such governmental action).

period in which to seek certiorari review expires. <u>Jimenez v. Quarterman</u>, — U.S. —, 129 S. Ct. 681, 685–86, 172 L. Ed. 2d 475 (2009); <u>Nix v. Secretary for the Dep't of Corrections</u>, 393 F.3d 1235, 1237 (11th Cir. 2004) (holding that a Florida prisoner's conviction became final 90 days after the Florida district court of appeal affirmed his conviction); <u>Bond v. Moore</u>, 309 F.3d 770, 774 (11th Cir. 2002) (holding that a Florida prisoner's conviction became final 90 days after the Supreme Court of Florida denied his motion for rehearing).[2]  In the instant case, the First DCA issued its corrected order in Petitioner's direct appeal on August 17, 2006.  The period for Petitioner to seek certiorari review expired ninety (90) days later, on November 15, 2006.  Therefore, his conviction became final on that date, and the federal limitations period expired one year later, on November 15, 2007.  *See* <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing <u>Ferreira v. Sec'y, Dep't of Corr.</u>, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

Petitioner did not file his federal petition on or before November 15, 2007; however, he may be entitled to habeas review if the limitations period was tolled pursuant to statutory or equitable tolling principles.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the record shows that on March 16, 2007, Petitioner filed a Rule 3.850 motion (after 120 days of the federal limitations period expired).  Respondent concedes this was a tolling post-conviction application (*see* Doc. 24 at 3).  The motion was pending until February 26, 2008, upon issuance of the appellate court's mandate affirming the trial court's denial of the motion.  *See* <u>Nyland v. Moore</u>, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court).  The federal limitations period expired 245 days later, on October 29, 2008.  Petitioner did not file his federal petition until nearly five months after that, on March 24, 2009.  Therefore, it was untimely.

In addition to Petitioner's contention that his institutional transfers and separation from his legal work constituted a State-created impediment to his federal filing, he appears to contend that

---

[2] The Supreme Court of the United States may grant a writ of certiorari to review the final judgment of "the highest court of a State in which a decision could be had." 28 U.S.C. § 1257(a); *see also* U.S. Sup. Ct. R. 13.1 (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court).

these circumstances warrant equitable tolling of the limitations period (*see* Docs. 1, 26). "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001). However, equitable tolling is an extraordinary remedy that is applied sparingly; indeed, it is appropriate only "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also* Wade v. Battle, 379 F.3d 1254, 1264–65 (11th Cir. 2004) (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002) and Sandvik, *supra*). "The focus of the inquiry regarding 'extraordinary circumstances' is 'on the circumstances surrounding the late filing of the habeas petition' and not on the circumstances of the underlying conviction, and whether the conduct of others prevented the petitioner from timely filing." Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006) (quoting Helton, 259 F.3d at 1314–15) (other citations omitted)). The burden of establishing entitlement to this extraordinary remedy rests with Petitioner. Wade, *supra*; Drew, *supra*.

In Akins v. United States, the movant argued for equitable tolling because (1) he was subjected to lockdowns in jail for several months, during which he could not access the law library, and (2) prison officials misplaced his legal papers for a period of time. 204 F.3d at 1089–90. After noting the movant had ample time to file his motion when these impediments did not exist, the Eleventh Circuit declined to apply equitable tolling. *Id.* at 1090 (evaluating a § 2255 habeas motion). In Dodd v. United States, 365 F.3d 1273, 1282–83 (11th Cir. 2004), the movant argued for equitable tolling because he was transferred to a different facility and detained there for over ten months without access to his legal papers. The Eleventh Circuit stated "Akins suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." *Id.* at 1283. In Dodd, the movant never claimed his detention was unconstitutional, inappropriate, or outside of routine practice, and the Eleventh Circuit found that the circumstances were not extraordinary. *Id.* (evaluating a § 2255 habeas motion).

According to the Eleventh Circuit's prior decisions and statements in Akins and Dodd, Petitioner's institutional transfers and related separation from his legal papers do not constitute extraordinary circumstances. Petitioner failed to specifically allege or present evidence that his transfers and resulting separation from his legal documents were extraordinary or anything other than routine. Additionally, he failed to show he made diligent efforts to timely file his federal petition. As previously discussed, Petitioner failed to show he made any effort to obtain copies of

necessary legal papers from other sources. Additionally, at the time Petitioner allegedly received his legal paperwork from Hamilton, on July 28, 2008, he still had three months remaining of the federal limitations period. Petitioner does not allege he made any attempt to file his federal petition within that time. Therefore, Petitioner has failed to demonstrate he is entitled to equitable tolling of the limitations period. *See* Dodd, *supra*; *see also* Paulcin v. McDonough, 259 Fed. Appx. 211, 213 (11th Cir. 2007) (unpublished) (equitable tolling not warranted because transfer to county jail and denial of access to legal papers and law library did not constitute extraordinary circumstances, and petitioner failed to allege how his inability to obtain legal materials thwarted his efforts to file timely federal proceeding); Bell v. Sec'y, Dept. of Corrections, 248 Fed. Appx. 101, 104–05 (11th Cir. 2007) (unpublished) (prisoner did not show diligence because there was no evidence that prisoner attempted to access the prison library or determine the applicable limitations period until after it expired); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) ("Mr. Miller has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims. . . . It is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific material was inadequate.").[3]

As Petitioner's federal petition is untimely, and he has failed to demonstrate his entitlement to equitable tolling, or that application of any other exception to the time bar is warranted, this court concludes that the instant petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

III. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is

---

[3] The undersigned cites Paulcin and Bell only as persuasive authority and recognizes that the opinions are not considered binding precedent. *See* 11th Cir. R. 36-2.

an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1.      That Respondent's motion to dismiss (Doc. 24) be **GRANTED**.

2.      That the petition for writ of habeas corpus (Doc. 4) be **DISMISSED** with prejudice as untimely.

3.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 16th day of April 2010.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**